IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY NEIL RAYMOND BOYD,       )
                             )
    Plaintiff,            )
                             )
  -vs-                       )    Civil Action No.  15-1047
                             )
CAROLYN W. COLVIN,           )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
    Defendant.            )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since December 1, 2005. (ECF No. 7-6, p. 10). Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing on July 29, 2014. (ECF No. 7-2, pp. 38-76). On October 7, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 21-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[1]

Plaintiff asserts the ALJ erred in weighing the mental opinion evidence[2] when formulating his RFC.[3] (ECF No. 10, pp. 13-15). Specifically, Plaintiff argues that the ALJ erred in rejecting Plaintiff's treating source opinions. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition,

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] Plaintiff does not take issue with the physical opinion evidence. *See,* ECF No. 10. As a result, my discussion is limited to the mental opinion evidence.

[3] The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 7-2, p. 26).

the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff did not have a treating psychologist. His treatment was limited to three nurse practitioners and a therapist. Nurse practitioners and therapists are not "acceptable

4

medical sources. SSR 06-3p. Nurse practitioners and therapists are considered "other sources." *Id.* Information from "other sources" cannot establish impairment, but can provide insight into the severity of the impairment and how it affects the individual's ability to function. *Id.* Thus, an ALJ is required to consider the same.

In this case, the ALJ considered the opinions of Plaintiff's treating sources.[4] (ECF No. 7-2, pp. 26-30). He gave the opinions little weight, not because they were non-accepted medical sources[5] but because he found they were inconsistent with the totality of the evidence, including Plaintiff's generally conservative treatment, not accompanied by a rationale explaining the opinion and improvement once alcohol use stopped. (ECF No. 7-2, pp. 28-29). After a review of the record, I find the reasons given by the ALJ in weighing these opinions to be valid and appropriate (internally inconsistent and inconsistent with other evidence of record). *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find the reasons to be sufficiently explained and supported by substantial evidence. (ECF No. 7-2, pp. 26-30). Therefore, I find no error in this regard on the part of the ALJ.[6]

---

[4] Plaintiff seems to suggest that the ALJ did not consider the treatment records of nurse practitioner Mainolfi and therapist Britton. (ECF No. 10, p. 15). While the ALJ did not specifically refer to each practitioner or therapist by name, I do not find that was necessary. There is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). In this case, the ALJ cited to the record referred to by Plaintiff. (ECF No. 7-2, p. 28). Thus, I find no merit to this suggestion.

[5] The ALJ merely noted that a nurse practitioner is a not an acceptable medical source and not as a reason to reject her opinion. (ECF No. 7-2, pp. 28-29).

[6] Plaintiff seems to suggest that the ALJ erred in rejecting the opinions of his treating sources because there is evidence to support his position that he was compliant with his treatment, that he had period of improvement but then would have periods of decline. (ECF No. 10, p. 14). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

5

In contrast, the ALJ gave great weight to the opinion of the state agency psychologist, Dr. Rings. (ECF No. 7-2, p. 29). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Ring's opinion great weight because it was "consistent with the totality of the evidence, including the claimant's activities of daily living" and because Plaintiff did not require any further inpatient hospitalizations after the application date and because his treatment records show improvement. (ECF No. 7-2, p. 29). These are all valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 7-2, pp. 26-30). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

Plaintiff also states, in one conclusory sentence, that he "should have been sent for an evaluation to be conducted by a psychiatrist or psychologist whose opinion would be considered." (ECF No. 10, p. 15). This statement falls woefully short. The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a). Based on the existing medical records in this case, I find the ALJ was not required to order a consultative

examination. The record was sufficient such that the ALJ could make a proper determination. Thus, I find no error in this regard.

### C. Subjective Complaints / Credibility

Plaintiff also submits that the ALJ erred in assessing his subjective complaints. (ECF No. 10, pp. 15-18). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 7-2, pp. 26-30). Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 7-2, pp. 21-31). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

7

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY NEIL RAYMOND BOYD, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 15-1047
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 12th day of July, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                      BY THE COURT:

                      s/ Donetta W. Ambrose
                      Donetta W. Ambrose
                      United States Senior District Judge